83,228-01

Date: April 23, 2015

William Hayward Freeman Sr.
T.D.C.J.-CID No. 1878813
Allan B. Polunsky Unit
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS 77351

Re: CAUSE NOS. 1322259 & 1322260
Styled In Re William Hayward Freeman, Sr.

Clerk for the Court of Appeal
P.O. Box 12308
Austin, Texas 78711

Dear Mr. Abel Acosta,

Please find enclosed the original and one copy of the relators petition for writ of mandamus, please file it with the Court a copy of this petition has been sent to the district court clerk via this letter. Thank you for your kind help and assistance in this matter,

Sincerely,

William Hayward Freeman, Sr.

C: Harris County District Clerk
C: Clerk for the Court of Appeal

Date: April 23, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 30 2015
Abel Acosta, Clerk

CAUSE NOS. 1322259 &
1322260

IN THE

1st COURT OF APPEALS

at HOUSTON

IN RE WILLIAM HAYWARD FREEMAN, SR.

ReLator

From the 182nd District Court of

Harris County, Texas

PETITION FOR WRIT OF MANDAMUS

William Hayward Freeman, Sr.
T.D.C.J.-CID No. 1878813/Pro Se
Allan B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

1

# TABLE OF CONTENTS

Page Numbers

IDENTITY OF PARTIES & COUNSEL _____ 3

INDEX OF AUTHORITIES _____ 4

STATEMENT OF THE CASE _____ 6

STATEMENT OF JURISDICTION _____ 5

ISSUES PRESENTED _____ 7

STATEMENT OF FACTS _____ 7

ARGUMENT _____ 8

Issue 1: The trial court's recorder has failed to provide the relator with copies of the motions of record and the trial courts decision on these motions _____ 8

Issue 2: The Respondent refuses to perform ministerial duties by providing the Relator with the exhibits of record _____ 8-9-10

PRAYER _____ 10

CERTIFICATE OF SERVICE _____ 11

# CAUSE NOS. 1322259 & 1322260

# IN RE WILLIAM HAYWARD FREEMAN, SR.

## Relator

---

## IDENTITY OF PARTIES & COUNSEL

---

Relator certifies that the following is a complete list of the parties, the attorneys, and any other person who has any interest in the outcome of this petition:

Relator Freeman Sr. is a pro/se litigant and is not represented by counsel in this proceeding. No attorney has been designated or mentioned on the behalf of the respondant, the party of interest is the state of Texas.

3

# INDEX OF AUTHORITIES

## CASES

Page Number

Holloway v. Fifth Court of Appeals
767 S.W.2d 680, 684 (Tex. 1989)_____ 8

In Re Coronado 980 S.W.2d 691, 692 (Tex. App.- San
Antonio 1998 orig. proceeding)_____ 9

In Re Jebbio 26 S.W.3d 753, 756 (Tex. App.-Houston
[14th Dist.] 2000)_____ 8

In Re Washington 7 S.W 3d at 182 (Tex. App.- Houston
[1st. Dist.] 1999 _____ 9

Okere v. Apex Financial Corp
930 S.W.2d 146, 152 (Tex. App.- Dallas 1990)_____ 9

## RULES

Tex R App. Pro. 50(d)_____ 9

## STATUTES

Tex. Gov't Code Ann Section 22.221(a)_____ 8

Tex. Gov't Code Ann Section 22.221(b)_____ 8

Tex. Penal Code Section 37.10(a)(3)(d),
Vernon 1999_____ 8-10

## CONSTITUTION

Tex. Const. art. 5. §6_____ 5

CAUSE NOS. 1322259 & 1322260

# IN RE WILLIAM HAYWARD FREEMAN, SR.

Relator

## RELATOR'S PETITION FOR WRIT OF MANDAMUS

Relator Freeman, submits this petition for writ of mandamus complaining of the denial of particular portion of the trial records as it pertains to his innocence, and his rights to a complete copy of his trial record, motions, and all exhibits filed in those proceedings; namely the relator complains of the denial of the motions filed at his trial, and the right to know which motions were granted and denied. For clarity, relator is referred to as Freeman; respondant, Ms. Edna Thornton is referred to by name; and the real party in interest is referred to as the state of Texas.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus.

Tex. Const. art. 5 §6; Tex. Gov't Code §22.221(a)

5

# STATEMENT OF THE CASE

The underlying proceeding, Freeman has appealed has conviction and in process purchased his trial records for future appellate reasoning, once he received his copies of the records it did not contain a copy of the motions that were denied or granted by the trial court, nor the exhibits.

The respondant. The respondant is Ms. Edna Thornton, and is the trial court's court reporter, where the Honorable James Anderson is the presiding judge of the 182nd District Court of Harris County, Texas.

Respondent's action, on August 15th 2013 the trial court had a hearing on the motions filed by the relator's trial counsel. The relator was found guilty by jury, and timely file his notice of appeal, which is currently pending in this court, however the relator purchased copies of his trial records in which the respondent denied him the copies designating the trial court's decision on each motion, and the exhibits of that trial. The respondent has denied and continues to deny the relator of those motions and their decision made by the trial court and the exhibits thereof.

6

# ISSUES PRESENTED

Issue 1: The trial court's recorder has failed to provide the relater with copies of the motions of record and trial courts decision on those motions

Issue 2: The respondant refuses to preform ministrial duties by providing the relator with the exhibits of record.

# STATEMENT OF THE FACTS

ReLator Freeman was charged and convicted in one sexual assault case, and sentenced to seventy-five years in prison. Relator timely appealed and these are currently pending in the 1st court of appeals at Houston.

On the day relator Freeman purchased the copies of his trial records in the event that his direct appeal proves to be unsuccessful, however upon receipt of the trial records the relator observed that certain parts of the trial records were missing from the trial records, and therefore wrote back to the respondant and inquired about the missing pages from the trial records. Namely the motion of record and the dispositioning of these motions by the trial court, and the exhibits of record.

The trial court has refused to order the respondant Ms. Edna Thornton to make available these documents and their cost to the Relator in order that he may purchase them for the use in his appellate process.

7

# AUGUMENTS

Issue 1: The trial court's recorder has failed to provide the relator with copies of the motions of record and the trial court's decision on the motions. In determining whether the writ should be issue we must futher determine whether the party has an adequate remedy by appeal. Id mandamus is intended to be an extraordinary remedy only available in limited circumstances. "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." Holloway V. fifth court of appeals 767 S.W. 2d 680, 684 (Tex. 1989). In Re Jebbio 26 S.W. 3d 753, 756 (Tex. App.-Houston [14th. Dist.] 2000).

Relator Freeman's case is currently on appeal in this court, however the relator purchased his trial records, and the court clerk has refused to forward the copies of the motions bearing the decisions of the trial court's decision on his motions at trial and the exhibits used against him at trial, the relator do not have a adequate remedy of law because this is not a matter in which it can be appealed to this court. Thus the relator asks this court to grant his merit of Mandamus, granting him the relief he seeks.

Issue 2: The respondant refuses to perform the ministrial duties by providing the relator with the exhibits of record.

We have jurisdiction to issue writs of mandamus against a district court judge or county court judge in our district and we may issue all writs necessary to enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221 (a) (Vernon 1988); 22.221 (b) (Vernon Supp. 1999). See In Re Washington 7 S.W.3d at 182 (Tex. App.-Houston [1st Dist] 1999).

8

We have no jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction. See In re Coronado 980 S.W. 2d 691, 692 (Tex. App.-San Antonio 1998, orig. proceeding); Summit Savings Ass'n V. Garcia. 727 S.W. 2d 106, 107 (Tex. App.-San Antonio 1987. Orig. proceeding) Id at In re Washington 7 S.W. 3d at 182.

This court has the jurisdiction to issue a writ against the respondant because of the ministrial act involved, and the fact that he has an appeal pending in this court at this time. Consequently this court should issue the mandamus against the trial court although the mandamus is filed against the trial court, never the less the respondant is under the control and authority of the trial court and by virture of its authority do the Respondant act or fail to act, but it is the Respondant that has control of the documents that the relator seeks.

An appellate record's integrity is crucial for proper appellate review, which is the right an appellant invokes when he pursues an appeal.

An appellate's right to appellate review is accompanied by the duty to provide an accurate record sufficient for the appellate court to perform its function to determine the correctness of the lower courts judgement. Okere V. Apex Financial Corp. 930 S.W. 2d 146, 152 (Tex. App.- Dallas 1990).

The burden is on the party seeking review to see that a sufficient record is presented to show error requiring reversal. Tex. R. App. Pro. 50 (d).

9

Tampering with governmental record under Certificate or seal is a third degree felony. See Tex. Penal Code §37.10 (c)(3)(d) Vernon 1999). Id at OKere 930 S.W.2d at 152.

Essentially the respondant has committed a felony offense by omitting parts of the relators records, and also acted with purpose and intent to cause the relator harm by denying him the items he seeks I.e. What motions were granted, and the exhibits of record. The relator has repeatedly complained about this matter and sort other assistance in this matter all to no avail, relator Freeman is innocent of the crime he was convicted of, but if the respondant and the trial court withhold valuable exhibits and what motions were granted or not then how can he then file an effective appeals brief proving his INNOCENCE?

## PRAYER

For these reasons relator asks that this Court grant this writ of mandamus directing the respondent Edna Thornton to produce the motions that were ruled upon, and that bears the courts ruling on such motions, and the exhibits of records in the interest of justice and fair play.

William Hayward Freeman, Sr.
William Hayward Freeman, Sr.
T.D.C.J.-CID No 1878813
Allan B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

10

# CERTIFICATE OF SERVICE

I Certify that a true and correct copy of this Writ of Mandamus has been served on the Respondent Ms. Edna Thornton the court recorder, and by mailing it to the Harris County District clerks' Chris Daniel, Post Office Box 465, Houston, Texas 77210-4651 and by placing it in the U.S. Mailbox at the Allan B. Polunsky Unit, 3872 F.M. 350 South, Livingston, Texas 77351, and on this the 23rd day of April 2015.

William Hayward Freeman, Sr.

11